## Dunmyer v. Urbanek

*Fremont J. McKenrick,* for plaintiff.

GRIFFITH, J., March 19, 1956.—This is a complaint in divorce brought by the husband not against his wife but against the mother and natural guardian of his wife, who is a minor child, 19 years of age.

Rule 2028 (*c*) of the Pennsylvania Rules of Procedure provides:

"An action in which a minor is the defendant shall be commenced against the minor by name in the manner in which a like action is commenced against an adult."

The commentary under rule 2028 (*c*)-2 in Goodrich-Amram Procedural Rules Service contains the following:

"Subdivision (c) specifically directs that an action be commenced against a minor as though he were an adult. Application for the appointment of a guardian is to be made after service has been had upon the minor under Rule 2029 (a) rather than before the commencement of the action or before the service of process."

In Anderson's Pennsylvania Civil Practice, vol. 4, page 51, the following appears:

"An action against a minor is commenced in the same manner as though the minor were an adult. The action is begun against him in his own name without naming any guardian."

In this case the action was brought against the mother and natural guardian of Violet Dunmyer, minor defendant, rather than against her in her own name. It appears, however, that service was had not only upon the mother and natural guardian but also upon minor defendant. In such case the court is not required to strike off plaintiff's complaint and writ of summons because of this irregularity, but may permit plaintiff to amend the caption to make the minor sole defendant: Molaskey v. Crisan, 51 D. & C. 569. After the caption has been amended, a guardian may be appointed under the provisions of rule 2031.

It appears that minor defendant and her mother attended the master's hearing in this case but did not desire to testify in opposition to plaintiff's action. If neither defendant nor her guardian desire to make a defense, plaintiff may, after the change in caption and the appointment of a guardian for minor defendant, obtain a rule upon minor defendant and her guardian to show cause why the court should not proceed to enter a decree a vinculo matrimonii.

We, therefore, enter the following

*Decree*

And now, March 19, 1956, after due consideration, leave is granted for plaintiff to move to amend the names of parties defendant and to further proceed in accordance with this opinion.